# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHIRLEY ANN ADCOCK,<br><br>Defendant. | **Cause No. CR 20-53-GF-BMM-03**<br><br>**ORDER** |

Defendant Shirley Ann Adcock moves the Court for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 80). On March 4, 2021, the Court sentenced Adcock to serve eight months in prison followed by a three-year period of supervised release. *See* Judgment (Doc. 75). Adcock's Motion does not indicate that she has met the statutory exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). The Court will presume that Adcock has made this request more than thirty days before filing the present motion. Adcock currently is housed at Greenville FCI and her projected release date is December 26, 2021. *See* Inmate Locator, www.bop.gov/inmateloc (accessed August 13, 2021).

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a

1

reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). The guideline has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit now holds that U.S.S.G. § 1B1.13 applies only to motions for release filed by the Director. *See, e.g.*, *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *see also United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).

The applicable factors from § 3553(a) may include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range

2

and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and to provide restitution to victims. *See id*. § 3553(a)(A), (6)–(7).

Adcock requests a sentence reduction based on her age and health conditions "as outlined in the presentence report." (Doc. 80). The Court already considered Adcock's age and health, however, when it imposed her sentence five months prior. Adcock does not allege a single change in her circumstances since the presentence report was issued. Adcock has failed to provide the Court with an extraordinary and compelling reason to justify a reduction in her sentence.

Accordingly, **IT IS ORDERED** that Adcock's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 80) is **DENIED**.

DATED this 13th day of August, 2021.

_____

Brian Morris, Chief District Judge
United States District Court